#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | |
|---|---|
| Tina Hernandez,<br>　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>Michael Rodriguez Diaz, Kayla Transport, Inc., and 365 Car Transport, LLC,<br><br>　　　　　　　　　Defendants. | CASE NO.: 2:22-cv-04100-BHH<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Michael Rodriquez Diaz and Kayla Transport, Inc. (hereinafter "Defendants"), hereby file this Notice of Removal removing this action from the Court of Common Pleas of Dorchester County, South Carolina to the United States District Court for the District of South Carolina, Charleston Division.  The grounds for removing this action are as follows:

### **THE COMPLAINT**

1.　On August 22, 2022, the plaintiff, Tina Hernandez (hereinafter "Plaintiff"), commenced a civil action in the Court of Common Pleas of Dorchester County, South Carolina alleging damages for personal injuries sustained in an accident in Dorchester, South Carolina. Defendants have not filed a response in the Court of Common Pleas for Dorchester County, South Carolina.  A true and correct copy of the state court documents including Plaintiff's Complaint is attached to this Notice of Removal as **Exhibit A**.

2.　This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Defendants were first served with the Summons and Complaint.

3.	The Complaint asserts various state-law causes of action and claims for relief against Defendant related to an incident that occurred in Dorchester County, South Carolina on or about October 14, 2021.

## GROUNDS FOR REMOVAL

4.	The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

5.	Plaintiff is a citizen and resident of Spartanburg County, South Carolina. *See* **Exhibit A, ¶1**.

6.	Defendant Michael Rodriguez Diaz is alleged to be a citizen and resident of the State of Florida.

7.	Defendant Kayla Transport, Inc. is a limited liability company organized and existing under the laws of the State of Florida. *See* **Exhibit B.**

8.	Citizenship for diversity jurisdiction purposes is determined at the time the action is commenced. *See* Athena Auto, Inc. v. DiGregorio, 166 F.3d 288 (4th Cir. 1999).

9.	Since Plaintiff is a citizen of South Carolina and Defendants are not citizens or residents of South Carolina, complete diversity of citizenship exists amongst the parties.

10.	The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11.	In determining whether the claims in the Complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the pleadings to determine whether it is apparent that a case is removable. *See* Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience

and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12–cv–03111–PMD, 2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

12.    In this case, satisfaction of the amount in controversy is apparent from the allegations in Plaintiff's Complaint. Plaintiff is seeking recovery of damages related to "injuries, pain and suffering, mental anguish, loss of earnings and disability" *See* **Exhibit A, ¶ 31 and 33**. Plaintiff has also requested an award of punitive damages. While Defendant denies any and all liability or wrongdoing for the matters alleged in the Complaint, the allegations of injuries and damages sought in the Complaint are substantial and have resulted in judgments and demands in excess of $75,000 in other cases in the past. Therefore, the jurisdictional amount is satisfied.

13.    In addition to the claims for compensatory damages, Plaintiff seeks punitive damages against Defendants. *See* **Exhibit A, ¶ 33, 44**. While Plaintiff's claims for compensatory damages themselves show the jurisdictional amount is apparent, it is well settled the punitive damages sought by Plaintiff must also be considered in any calculation of the amount in controversy. *See, e.g.*, R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages."); Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"). While Defendant denies Plaintiff is entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiff's request for punitive damages that Plaintiff is seeking greater

recovery than if she was merely seeking compensation for alleged injuries.  *See* <u>Woodward v. Newcourt Comm. Fin. Corp.</u>, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount").  In all, the allegations of the Complaint make clear that Plaintiff's claim for punitive damages, together with her claims for compensatory damages, seeks an amount in excess of $75,000.

14.     Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15.     This Notice of Removal complies with the requirements of 28 U.S.C. §§ 1441 and 1446, and has been timely filed within thirty (30) days of service of the Complaint upon Defendant.

16.     The Charleston Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Dorchester County.  *See* 28 U.S.C. §§ 1441(a), 121(4).  Further, another lawsuit arising from this accident is currently pending in the Charleston Division of the United States District Court, Docket No.: 2:21-cv-3990-BHH.

17.     Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendants pray the above action now pending against him in the Court of Common Pleas for Dorchester County, South Carolina, be removed therefrom to this Court, that this Court exercise jurisdiction over this action, and that this Court grant such other further relief as this Court deems just and necessary.

Respectfully submitted,

*s/T. David Rheney*
T. David Rheney, Fed. ID #5030
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200 (29601)
Post Office Box 10589
Greenville, SC 29602
864-271-9580
864-271-7502 FAX
drheney@gwblawfirm.com

*Attorneys for Michael Rodriguez Diaz and Kayla Transport, Inc.*

November 16, 2022
Greenville, South Carolina