# EXHIBIT A

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF DORCHESTER ) <br> ) <br> TINA HERNANDEZ, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> MICHAEL RODRIGUEZ DIAZ, KAYLA ) <br> TRANSPORT, INC.; and 365 CAR ) <br> TRANSPORT, LLC, ) <br> ) <br> DEFENDANTS. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> FIRST JUDICIAL CIRCUIT <br><br> CASE NO.: 2022-CP-18-_____ <br><br> **SUMMONS** <br> **(Jury Trial Requested)** |

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at his Office at 215 Magnolia Street, Spartanburg, SC 29306, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

*s/ Gary W. Poliakoff*

Gary W. Poliakoff (S.C. Bar No.: 4488)
Ray Mullman, Jr. (S.C. Bar No.: 8662)
POLIAKOFF & ASSOCIATES, P.A.
P.O. Box 1571
215 Magnolia Street (29306)
Spartanburg, SC 29304-1571
Telephone: (864) 582-5472
Fax: (864) 582-7280
atty@gpoliakoff.com
rmullmanjr@gmail.com

August 22, 2022.

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF DORCHESTER )<br>)<br>TINA HERNANDEZ, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>MICHAEL RODRIGUEZ DIAZ, KAYLA )<br>TRANSPORT, INC.; and 365 CAR )<br>TRANSPORT, LLC, )<br>)<br>DEFENDANTS. )<br>) | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br><br>CASE NO.: 2022-CP-18-_____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

Plaintiff Tina Hernandez, ("Plaintiff"), by and through her undersigned attorneys, hereby complains of Defendants Michael Rodriguez Diaz ("Diaz"), 365 Car Transport, LLC ("365") and Kayla Transport, Inc. ("Kayla"), (collectively, "Defendants") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is a civil action for damages arising out of a motor vehicle collision that occurred on October 14, 2021, on Interstate 26 near Saint George in Dorchester County, South Carolina.

2. Plaintiff is domiciled in and a citizen of the State of South Carolina, County of Spartanburg.

3. Defendant Diaz is, upon information and belief, domiciled in and a citizen of the State of Florida.

4. Defendant Kayla is, upon information and belief, a corporation organized and existing pursuant to the laws of the State of Florida with its principal place of business in the State of Florida. Defendant Kayla, which owned the tractor-trailer and at the time of the collision was

1

actively engaged in its interstate trucking business under US DOT Number 3043230.

5. Defendant 365 is, upon information and belief, a limited liability company organized and existing pursuant to the laws of the State of Florida with its principal place of business in the State of Florida. At all times relevant hereto, Defendant 365 acted as the freight broker for the subject load being hauled by Defendant Kayla and Defendant Diaz pursuant to contract with Defendant Kayla and/or Defendant Diaz.

6. At all times relevant hereto, Defendant Diaz was a Class A licensed motor vehicle operator driving a 2000 International Navistar 9400i tractor-trailer with VIN number 2HSCNAMR6YC045839 (hereinafter the "Tractor-Trailer") owned, leased, assigned, controlled, and/or operated by Defendants.

7. Accordingly, Defendants were subject to all state and federal laws, statutes, regulations, and industry standards governing the safe maintenance and operation of commercial motor vehicles and tandem trailers, including without limitation, South Carolina statutes governing motor vehicles and the Federal Motor Carrier Safety Regulations set forth in subchapters A and B of Chapter III of the Code of Federal Regulations, Title 49 – Transportation.

8. At all times relevant hereto, Defendant Diaz was operating the Tractor-Trailer in the course and scope of his employment with Defendant Kayla.

9. As an employee acting within the course and scope of his employment at all times relevant hereto, Defendant Kayla is vicariously liable for all acts and omissions of Defendant Diaz pursuant to the doctrine of *respondeat superior.*

10. Defendant 365 possessed the right and power to direct and control Defendant Kayla and **its** employees, including Defendant Diaz, in the performance of the work and in the manner in which

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

the work was to be done.

11. At all times relevant hereto, employees of Defendant Kayla, to include Defendant Diaz, were also the statutory employees of Defendant 365 such that Defendant 365 is liable for the negligent acts and omissions of its employees/agents under the common law, the Federal Motor Carrier Safety Regulations, and the theories of *respondeat superior*, agency, master/servant, liability, and vicarious liability.

12. At all times relevant hereto, Defendants were engaged in the joint undertaking of a particular transaction for mutual profit, mutual control, and mutual contribution, and this joint undertaking was memorialized by contract.

13. At all times relevant hereto, Defendants acted as a joint venture for transporting goods in interstate commerce.

14. The subject collision occurred while Defendant Diaz was operating the Tractor-Trailer in the course and scope of the employment/agency/joint enterprise.

15. The Court has personal jurisdiction over Defendant Diaz as he was operating his vehicle in Dorchester County, South Carolina at the time of the collision, and personal jurisdiction over Defendant Kayla who employed Defendant Diaz and was actively engaged in business directly related to the collision.

16. The Court has personal jurisdiction over Defendant 365 as it purposefully availed itself of the privilege of conducting business and other activities in South Carolina, specifically in that it contracted with Defendant Kayla and/or Defendant Diaz to arrange the transport of goods through South Carolina and was actively engaged in business directly related to the collision such that it should have foreseen the possibility of litigation arising in the state through which it had arranged for the shipment of goods.

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

17. Venue is proper in the Dorchester County Common Pleas because the most substantial part of the acts and omissions giving rise to this claim occurred in Dorchester County, South Carolina.

## FACTS

18. On October 14, 2021, the Plaintiff was traveling north on Interstate 95, in Dorchester County, South Carolina. At the same time, Defendant Diaz was operating a tractor-trailer and carelessly and unlawfully, rear-ended a nearby vehicle causing two additional vehicles to lose control.

19. The collision between Diaz's tractor-trailer caused another vehicle to rear end a vehicle travelling behind Plaintiff. That vehicle struck the rear of Plaintiff's vehicle before bursting into flames.

20. At the time of the collision, Defendant Diaz was acting in the course and scope of his employment with Defendant Kayla, which owned the tractor-trailer.

21. At the time of the subject collision, Defendant Diaz was operating the Tractor-Trailer in violation of various Federal Motor Carrier Safety Regulations by:

    a.    failing to maintain proper records of duty status;

    b.    failing to adhere to the requirement that drivers of commercial motor vehicles operating in interstate commerce to be able to read and speak the English language sufficiently to converse with the general public, understand highway traffic signs and signals, respond to official inquiries, and make entries on reports and records;

    c.    operating the Tractor-Trailer with inoperative and/or defective battery, braking system, steering system, wheels/axles, and other component parts; and

    d.    committing other violations as the evidence at trial may show.

22. Upon information and belief, Defendant Diaz had an unsafe history of motor vehicle violations, including being previously involved in another motor vehicle collision on or around

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

September of 2021 wherein he unlawfully struck another vehicle and/or caused severe bodily injury.

23. Upon information and belief, Defendants' braking system on the subject tractor-trailer, in whole or in part, was not functioning properly at the time of the incident, and Defendant either knew or should have known about these issues.

24. Accordingly, the Tractor-Trailer should have never been on the road on the date of the subject collision.

25. Upon information and belief, Defendants knew or should have known of the deplorable condition of the Tractor-Trailer and/or Defendant Diaz's past motor vehicle violations, yet permitted Defendant Diaz to operate the Tractor-Trailer anyway.

26. At all times relevant hereto, Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to her injuries.

27. As a direct and proximate result of the collision, the Plaintiff suffered injuries

## FOR A FIRST CAUSE OF ACTION
## AS TO ALL DEFENDANTS

*(Negligence/Gross Negligence/Recklessness, Negligence Per Se, Respondeat Superior)*

28. Plaintiff re-alleges and restates the foregoing paragraphs as if set forth fully herein.

29. Defendant Diaz owed a duty to Plaintiff and others to operate his tractor-trailer in a safe and reasonable manner, and in accordance with state and federal law.

30. Defendant Diaz breached his duty to use due care or even slight care in operating his tractor-trailer, and he was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in numerous particulars, including but not limited to:

      a. failing to maintain proper control of his vehicle;

      b. failing to keep a proper lookout;

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

    c.    driving while inattentive or distracted;

    d.    failing to properly apply brakes;

    e.    driving at an excessive and unreasonable rate of speed under the conditions;

    f.    failing to operate the vehicle in a safe manner;

    g.    acting in violation of applicable state and federal statutes and regulations;

    h.    acting in violation of FMCSA's regulations and industry standards;

    i.    failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing;

    j.    failing to properly maintain, inspect, and service his tractor-trailer and the component parts of same, including but not limited to the brakes of the tractor-trailer; and

    k.    in such other and further particulars as the evidence at trial may show.

29. Defendant Kayla is vicariously liable for all acts and omissions of Defendant Diaz pursuant to the doctrine of *respondeat superior*.

30. Defendant 365 is vicariously liable for the negligent acts and omissions of Defendant Diaz, including both those acts and omissions committed on October 14, 2021 and prior thereto, by virtue of its control, right to control, and right to manage and direct Defendants Diaz and Kayla, as set forth in detail above.

31. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Plaintiff experienced injuries, pain and suffering, and mental anguish.

32. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff has suffered injuries which have caused, and

ELECTRONICALLY FILED - 2022 Aug 22 10:12 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1801311

in the future will cause, one or more of the following elements of damages:

      a.    In having to pat large sums for medical bills and treatment;

      b.    In losing wages and earnings;

      c.    In having pain and suffering;

      d.    In suffering disability; and

      e.    In suffering mental anguish.

33. Due to the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff is entitled to recover actual and punitive damages as determined by a jury.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT 365
*(Negligent Hiring/Selection/Supervision/Retention)*

34. Plaintiff re-alleges and restates the foregoing paragraphs as if set forth fully herein.

35. Defendant 365 had an obligation and duty to hire, select, retain, and supervise motor carriers and drivers who it hires to transport goods to its customers.

36. Defendant 365 had an obligation to exercise reasonable care in selecting a competent and careful motor carrier and driver to haul the subject load.

37. Defendant 365 breached its duty by failing to investigate the qualifications of Defendant Kayla and Defendant Diaz.

38. Defendant 365 also breached its duty by failing to investigate whether the Tractor-Trailer owned by Defendant Kayla and being operated by Defendant Diaz at the time of the subject collision was safe and compliant with applicable state and federal laws, regulations, and industry standards.

39. At all times relevant hereto, the Federal Motor Carrier Safety Act ("FMCSA"), as part of its Safety Management System, maintained a user-friendly website that was available to the public that tracks registration, safety, and compliance of all motor carriers that have a US DOT numbers,

7

like Defendant Kayla. The online FMCSA information also provided historical information and easy to understand explanations of how to use the site and what each category of information and score means.

40. At all times relevant hereto, the FMCSA website contained information that should have alerted Defendant 365 that Defendant Kayla and/or Defendant Diaz were unsafe, and Defendant 365 was aware of the FMCSA website.

41. Despite the fact that Defendant 365 knew or should have known of Defendant Kayla's and Defendant Diaz's safety record, incompetence, and the deplorable condition of the Tractor-Trailer, Defendant 365 negligently, recklessly, and with conscious disregard for the safety of the driving

42. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Plaintiff experienced severe injuries, pain and suffering, and mental anguish.

43. As a direct and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, the Decedent's beneficiaries, as represented by Plaintiff, have suffered injuries which have caused, and in the future will cause, the beneficiaries to suffer on or more of the following elements of damages:

    a. In having to pay large sums for medical bills and treatment;

    b. In losing wages and earnings;

    c. In having pain and suffering;

    d. In suffering disability; and

    e. In suffering mental anguish.

44. Due to the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff is entitled to recover actual and punitive damages as determined by a jury.

WHEREFORE, having pled her claims against Defendants, Plaintiff prays for judgments against Defendants Michael Rodriguez Diaz, Kayla Transport, Inc., and 365, jointly and severally, for actual, consequential, and incidental damages caused by their acts and omissions; for punitive damages; for the costs of this action; and for such other and further relief as this Court deems just and proper.

By: *s/ Gary W. Poliakoff*
Gary W. Poliakoff (S.C. Bar No.: 4488)
Ray Mullman, Jr. (S.C. Bar No.: 8662)
POLIAKOFF & ASSOCIATES, P.A.
P.O. Box 1571
Spartanburg, SC 29304-1571
Telephone: (864) 582-5472
Fax: (864) 582-7280
atty@gpoliakoff.com

August 22, 2022